UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-00173-SDN |
| MAINE DEPARTMENT OF EDUCATION, | ) | |
| Defendant. | ) | |

**ANSWER OF THE MAINE DEPARTMENT OF EDUCATION**

Now comes the Maine Department of Education (the "Department") and answers Plaintiff's complaint as follows:

**INTRODUCTION**

The Department admits that after the President incorrectly asserted that "[w]e are the federal law" and "you're not going to get any federal funding at all if you don't [treat an Executive Order as the law]" the Governor of Maine responded, in part, "See you in court." The Department denies each and every other allegation made in the Introduction.

**NATURE OF THE ALLEGATIONS**

1.  Paragraph 1 asserts legal conclusions to which no response is required. To the extent a response is necessary, the Department denies the allegations in this paragraph.

2.  Denied.

3.  The Department denies the allegations in the first sentence of Paragraph 3. With respect to the second sentence, the Department admits that Paragraph 3 accurately quotes from the cited regulations, but denies Plaintiff's characterization of those regulations.

4.  Denied.

5. Denied.

6. Denied.

7. Denied.

8. Paragraph 8 asserts legal conclusions to which no response is required. To the extent a response is necessary, the Department denies that the United States is entitled to any relief.

## PARTIES

9. Admitted.

10. Admitted.

11. Admitted.

12. Paragraph 12 asserts legal conclusions to which no response is required. To the extent a response is necessary, the Department denies the allegations in this paragraph.

## JURISDICTION AND VENUE

13. Paragraph 13 asserts legal conclusions to which no response is required. To the extent a response is necessary, the Department denies the allegations in this paragraph.

14. Paragraph 14 asserts legal conclusions to which no response is required. To the extent a response is necessary, the Department denies the allegations in this paragraph.

15. Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is necessary, the Department denies the allegations in this paragraph.

16. Paragraph 16 asserts legal conclusions to which no response is required. To the extent a response is necessary, the Department admits that assuming this court has jurisdiction, venue is in the District of Maine is proper.

## FACTS

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Paragraph 22 asserts legal conclusions to which no response is required. To the extent a response is necessary, the Department denies the allegations in this paragraph.

23. The Department admits that on January 20, 2025, the President issued Executive Order 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," and on February 5, 2025, the President issued Executive Order 14201, "Keeping Men Out of Women's Sports," and further states that those two documents speak for themselves. The Department denies that the Executive Orders are "[c]onsistent with 'sex' meaning biological sex in Title IX," or that they "confirmed the definition of the term 'sex' for Title IX" and otherwise denies each and every other allegation in Paragraph 23.

24. Admitted.

25. The Department admits that Paragraph 25 accurately quotes from the cited regulations and denies Plaintiff's characterization of those regulations.

26. The Department admits that Paragraph 26 accurately quotes from the cited regulations and denies Plaintiff's characterization of those regulations.

27. Denied.

28. The Department admits that Paragraph 28 accurately quotes from the cited regulations and denies Plaintiff's characterization of those regulations.

29. Admitted.

30. The Department admits that Paragraph 30 accurately quotes from the cited regulations and denies Plaintiff's characterization of those regulations.

31. Denied.

32. Admitted.

33. Admitted.

34. The Department admits that all Maine public and private schools are required to follow applicable state laws, rules, and regulations and denies the remaining allegations in Paragraph 34. In addition, the Department denies that the assertions in Paragraph 34 are found in or supported by 20-A M.R.S.A. § 258-A.

35. Admitted.

36. The allegation in Paragraph 36 is too vague to allow the Department to form a belief as to the truth of the allegation and therefore denies same. The Department also denies that the assertion in Paragraph 36 is found in or supported by 05-071-125 Me. Code R. § 4.

37. Admitted.

38. Admitted.

39. Admitted.

40. The Department admits that it promulgated a joint rule with the Maine Human Rights Commission entitled "Equal Educational Opportunity," which rule was last amended in 2010. The Department denies that the joint rule is a complete statement of Maine law because it has not been updated to reflect subsequent amendments to the Maine Human Rights Act.

41. The Department admits that the joint rule so provides but denies that the joint rule accurately defines "unlawful educational discrimination" under Maine law.

42. Admitted.

43. The Department admits that the joint rule so provides but denies that the joint rule is a complete statement of Maine law regarding "unlawful educational discrimination" for purposes of athletics.

44. The Department admits that Paragraph 44 accurately quotes from the cited regulation but denies that Maine law does not prohibit "unlawful educational discrimination" on the basis of gender identity.

45. Denied.

46. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 46 and therefore denies same.

47. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 47 and therefore denies same.

48. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 48 and therefore denies same.

49. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 49 and therefore denies same.

50. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 50 and therefore denies same.

51. The Department admits that the Maine Principals Association issues Handbooks, but the Department is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations made in Paragraph 51 and therefore denies same.

52. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 52 and therefore denies same.

53. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 53 and therefore denies same.

54. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 54 and therefore denies same.

55. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 55 and therefore denies same.

56. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 56 and therefore denies same.

57. Paragraph 57 asserts legal conclusions to which no response is required. To the extent that Paragraph 57 contains assertions of fact, the Department is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.

58. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 58 and therefore denies same.

59. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 59 and therefore denies same.

60. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 60 and therefore denies same.

61. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 61 and therefore denies same.

62. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 62 and therefore denies same.

63. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 63 and therefore denies same.

64. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 64 and therefore denies same.

65. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 65 and therefore denies same.

66. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 66 and therefore denies same.

67. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 67 and therefore denies same.

68. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 68 and therefore denies same.

69. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 69 and therefore denies same.

70. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 70 and therefore denies same.

71. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 71 and therefore denies same.

72. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 72 and therefore denies same.

73. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 73 and therefore denies same.

74. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 74 and therefore denies same

75. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 75 and therefore denies same.

76. Paragraph 76 asserts legal conclusions to which no response is required. To the extent that Paragraph76 contains assertions of fact, the Department is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.

77. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 77 and therefore denies same.

78. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 78 and therefore denies same.

79. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 79 and therefore denies same.

80. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 80 and therefore denies same.

81. The Department admits that it has not directed the MPA to change its athletics participation bylaw but denies that it has the authority to do so. The Department otherwise denies the allegations in Paragraph 81.

82. The Department admits that it has not directed schools to urge MPA to change its athletics participation bylaw but denies that it has the authority to do so. The Department otherwise denies the allegations in Paragraph 82.

83. The Department admits that it has not directed schools to cease their association with the MPA while the MPA has its athletics participation bylaw in effect but denies that it has the authority to do so. The Department otherwise denies the allegations in Paragraph 83.

84. The Department admits that it has not directed schools to cease their participation in athletic activities but denies that it has the authority to do so. Defendant otherwise denies the allegations made in Paragraph 84.

85. Denied.

86. Denied.

87. The Department admits that the first sentence of Paragraph 87 accurately quotes from the cited regulations and denies the United States's characterization of those regulations and otherwise denies the remaining allegations in Paragraph 87.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Department admits that several federal officials, including Attorney General Pam Bondi, have threatened to withhold all of Maine's federal education funding based on their assertion of a legally dubious Title IX violation with respect to interscholastic athletics – a remedy that is not legally available even if a violation is proven – and further admits that it has not taken any action to suggest that either the MPA policy or the fact that Maine schools are

following it is unlawful, because neither is unlawful. The Department denies each and every other assertion in Paragraph 92.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 97 and therefore denies same.

98. Admitted.

99. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 99 and therefore denies same.

100. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 100 and therefore denies same.

101. The Department admits that Greely High School is part of RSU #51. The Department is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 101 and therefore denies same.

102. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 102 and therefore denies same.

103. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 103 and therefore denies same. Further, to the extent that Paragraph 103's use of "all girl competitors" suggests that a transgender girl is not a "girl competitor," the Department denies those allegations.

104. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 104 and therefore denies same.

105. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 105 and therefore denies same.

106. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 106 and therefore denies same.

107. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 107 and therefore denies same.

108. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 108 and therefore denies same.

109. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 109 and therefore denies same.

110. The Department admits that Maine Coast Waldorf School includes a high school and is located in Freeport, Maine, and is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 110 and therefore denies same.

111. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 111 and therefore deny same.

112. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 112 and therefore denies same.

113. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 113 and therefore denies same.

114. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 114 and therefore denies same.

115. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 115 and therefore denies same.

116. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 116 and therefore denies same.

117. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 117 and therefore denies same.

118. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 118 and therefore denies same.

119. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 119 and therefore denies same.

120. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 120 and therefore denies same.

121. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 121 and therefore denies same.

122. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Pargraph 122 and therefore denies same.

123. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 123 and therefore denies same.

124. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Pargraoh 124 and therefore denies same.

125. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 125 and therefore denies same.

126. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 126 and therefore denies same.

127. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 127 and therefore denies same.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Admitted.

133. Admitted.

134. The Department admits that as part of receiving federal financial assistance, it signed assurances that it would comply with Title IX and the implementing regulations and otherwise denies the allegation in Paragraph 134.

135. Admitted.

136. The Department denies that the identified Executive Orders, or any Executive Order, can "confirm" what an undefined term in a Federal statute means. The Department is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 136 and therefore denies same.

137. The Department admits that on February 21, 2025, during a meeting with the National Governors Association with the press in attendance, President Trump noted that the NCAA had complied with his Sports EO and asked Governor Mills whether she was going to comply with it. The Department admits that Governor Mills responded: "I'm complying with state and federal law." The Department admits that President Trump responded: "Well, we are

the federal law.  You'd better do it.  You'd better do it, because you're not going to get any federal funding at all if you don't."  The Department also admits that Governor Mills responded: "See you in court."  Department denies each and every other allegation made in Paragraph 137.

      138.    The Department admits that on February 21, 2025, letters were emailed to the Department and to the Maine Attorney General by the United States Department of Education (USDOE) and the United States Department of Health and Human Services (HHS), respectively, and states that those letters speak for themselves.

      139.    The Department admits that on February 25, 2025, a letter was sent from the United States Attorney General to the Governor of Maine and states that the letter speaks for itself.

      140.    The Department admits that on February 25, 2025, HHS sent the Maine Attorney General a letter and states that the letter speaks for itself.  Further responding, the Department states that in the four days between February 21 and February 25, HHS did not speak with a single individual from the Department, seek a single document from the Department, or give the Department an opportunity to respond or otherwise participate in any investigation.

      141.    The Department admits that on February 27, 2025, HHS sent the Maine Attorney General a document titled Voluntary Resolution Agreement and states that the document speaks for itself.

      142.    Admitted.

      143.    The Department admits that on March 17, 2025, HHS sent the Maine Attorney General a letter and states that the letter speaks for itself.

      144.    Admitted.

145. The Department denies the allegations in the first sentence of Paragraph 145 and is without knowledge or information sufficient to form a belief as to the truth of the allegations made in the second sentence of Paragraph 145 and therefore denies same.

146. The Department admits that on March 28, 2025, HHS sent the Maine Attorney General a letter and states that the letter speaks for itself. The Department is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 146 and therefore denies same.

147. The Department admits that on March 19, 2025, USDOE sent the Department a letter and states that the letter speaks for itself. Further responding, the Department states that in the period between February 21 and March 19, USDOE did not speak with a single individual from the Department, seek a single document from the Department, or give the Department an opportunity to respond or otherwise participate in any investigation.

148. Admitted.

149. The Department admits that on March 31, 2025, USDOE sent the Department a letter and states that the letter speaks for itself.

150. Admitted.

151. The Department denies the allegations in the first sentence of Paragraph 151 and is without knowledge or information sufficient to form a belief as to the truth of the allegations made in the second sentence of Paragraph 151 and therefore deny same.

152. The Department admits that on April 11, 2025, USDOE sent the Department a letter and states that the letter speaks for itself. The Department is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 152 and therefore denies same.

153. Denied.

## CLAIMS

### COUNT I

154. The Department realleges and incorporates by reference its responses to the allegations in all the above paragraphs numbered 1-153.

155. Admitted.

156. Admitted.

157. Denied.

158. Denied.

159. Denied.

### COUNT II

160. The Department realleges and incorporates by reference its responses to the allegations in all the above paragraphs numbered 1-159.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

### PRAYER FOR RELIEF

The Department denies that the United States is entitled to any of the relief sought in the items numbered (a) through (f).

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The United States' claims are barred by the Spending Clause, U.S. Const. art. I, § 8, cl. 1.

## THIRD AFFIRMATIVE DEFENSE

The United States' claims are barred by the Separation of Powers doctrine because the Executive Branch has impermissibly arrogated to itself powers that are reserved to Congress.

## FOURTH AFFIRMATIVE DEFENSE

The United States' claims are barred because it cannot demonstrate that, in enacting Title IX, Congress unambiguously imposed as a condition for receiving federal funds the condition that the United States now seeks to enforce.

## FIFTH AFFIRMATIVE DEFENSE

The United States' claims are barred by the Tenth Amendment.

## SIXTH AFFIRMATIVE DEFENSE

The United States' claims are barred because it is acting ultra vires.

## SEVENTH AFFIRMATIVE DEFENSE

The United States' claims, and/or the relief the United States seeks, are barred by the Equal Protection and Due Process Clauses of the United States Constitution.

WHEREFORE, the Department respectfully requests judgment in its favor, along with its costs and such other relief as the court deems appropriate.

Dated: May 8, 2025

Respectfully submitted,

AARON M. FREY
Attorney General


/s/ Sarah A. Forster
CHRISTOPHER C. TAUB
Chief Deputy Attorney General
Christopher.C.Taub@maine.gov
SARAH A. FORSTER
Assistant Attorney General
Sarah.Forster@maine.gov
KIMBERLY L. PATWARDHAN
Assistant Attorney General
Kimberly.Patwardhan@maine.gov
Office of the Attorney General
State House Station 6
Augusta, ME 04333
Telephone: (207) 626-8800

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 8th day of May, 2025, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. To my knowledge, there are no non-registered parties or attorneys participating in this case.

/s/ Sarah A. Forster
SARAH A. FORSTER
Assistant Attorney General
Six State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8800
Sarah.Forster@maine.gov