# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00173-SDN |
| | ) |
| MAINE DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

## Confidentiality Order

Upon consent of the parties, or upon motion for good cause shown, it is ORDERED:

**1. Scope and Purpose.** This Order is entered based on the representations of the parties and for the purpose of facilitating discovery. All testimony, documents, things, material, and other information produced in discovery are subject to this Order, including information produced by third parties in response to a subpoena or otherwise. This Order is binding upon all counsel and their law firms, the parties, and persons who receive confidential information in this case.

**2. Service of Order to Third Parties.** This Order must be served on any third party with any subpoena served in this matter.

**3. Definition of Confidential Information.** Confidential information (Confidential Information) is information that a party believes in good faith is

1

protected from disclosure by law or that should be protected from disclosure as confidential because it is likely to be detrimental if disclosed, including for example, sensitive personal information, trade secrets, confidential or proprietary financial information, competitive information, personnel records, or commercially sensitive information. Information that is or becomes publicly available is not confidential. The designation of information as confidential does not mean that the information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**4.** **Form and Timing of Designation.** Any party or third party may designate documents, testimony, things, material, or other information as Confidential Information and restricted from disclosure under this Order when they are produced by marking them "Confidential" on all copies in a manner that will not interfere with the legibility of the information. The right to designate information as confidential is granted to third parties who testify or produce documents or information in response to a subpoena. Information should be designated confidential before or at the time of the production or disclosure of the information.

**5.** **Fair use.** This Order shall not prevent any party from making use of Confidential Information if it:

(a) was lawfully in that party's possession prior to the production by the producing party or third party;

(b) was or is hereafter independently obtained from a source or sources having the lawful right to disclose such information;

(c) is in the public domain; or

(d) is exempted from the operation of this Order by express written consent of the party or third party producing such confidential information.

**6.** **Inadvertent Production.** Information inadvertently produced without a confidentiality designation must be designated as soon as practicable after the inadvertent disclosure and will be treated as confidential from the date written notice of the designation is provided to the receiving party. Inadvertent production alone will not constitute a waiver of the confidentiality designation. If the producing person notifies all parties that privileged information was inadvertently produced, the receiving parties must return or destroy the information and may not use the information unless the parties agree or the Court rules on it.

**7.** **Non-Deposition Designations**. Designation of documents or other non-deposition material as containing Confidential Information may be made at or prior to the time of production by stamping or otherwise affixing the legend "CONFIDENTIAL" on each page deemed Confidential in a manner that does not interfere with the legibility of the document. When Confidential Information is disclosed in a form (such as video or audio files) not appropriate for such placing or affixing the applicable legend, such information shall be designated as Confidential in writing at the time it is delivered to the receiving party and the file name shall include the word "CONFIDENTIAL."[1] The designations of protected material are not

---

[1] The Parties envision using litigation discovery production software that will permit burning "CONFIDENTIAL" into the electronic images associated with the pages of a document. If so, marking electronic images as "CONFIDENTIAL" shall satisfy the designating requirements of this Order.

intended to apply to a whole document unless the whole document substantially contains such protected material; a producing party should not designate every page of a document as "CONFIDENTIAL" unless the whole document substantially contains such protected material.

**8.     Deposition Designations.** Deposition testimony will be deemed confidential only if designated. A party must take the following steps to designate deposition testimony as Confidential Information:

(a)     A party must state on the record during the deposition that the testimony contains Confidential Information protected by this Order. Any testimony so designated will remain confidential for 45 days after receipt of the deposition transcript from the court reporter.

(b)     Within 45 days after receipt of the transcript from the court reporter, a designating party must serve a Notice of Designation on all parties of record as to specific portions of the transcript, identified by page and line, to be designated confidential, and also identifying the reasons for each designation. Thereafter, the portions so designated will be protected as confidential pending objection under the terms of this Order.

(c)     Absent a court order or agreement to an extension of the 45-day deadline, the failure to serve a Notice of Designation within the 45 days waives the confidential designation made on the record.

**9.     Protection of Confidential Information.** Confidential Information must not be used or disclosed by a receiving party for any purpose other than to

conduct this litigation. The Confidential Information may only be used or disclosed as provided in this Order or additional orders.

**10.     Disclosure of Confidential Information.** Confidential Information may only be disclosed to the following people and only as specifically needed for the purposes of this litigation:

(a)     counsel, including necessary employees;

(b)     parties, including necessary employees;

(c)     mediators, special masters or other similar neutrals;

(d)     court reporters and video operators;

(e)     consultants, experts, and contractors of a party;

(f)     the author or recipient of a document, or anyone else who already saw the document in the ordinary course of their employment or other authorized capacity, containing the Confidential Information;

(g)     deponents; and

(h)     witnesses or others by written consent of, or consent on the deposition record of, the affected parties.

**11.     Acknowledgement Required.** If Confidential Information is disclosed to deponents; witnesses; outside contractors, consultants, or experts; or others by consent in paragraph 9(h), each of the individuals must be advised that the information is confidential and must sign Exhibit A.

**12.     Unauthorized Disclosure.** If counsel or any party or third party learns of an unauthorized disclosure of Confidential Information, that individual

must promptly report the disclosure to the party that produced the information and take steps to retrieve the information and remedy any harm caused by the disclosure.

**13. Procedures for Filing Confidential Information.** This Order does not authorize the sealing of Confidential Information without Court approval. Parties wishing to file Confidential Information under seal must follow the procedures in Local Rule 5.2(a).

**14. No Greater Protection of Specific Information.** No party may withhold information from discovery on the ground that it requires protection greater than provided in this Order unless the party moves for an order providing additional protection.

**15. Challenges to Confidential Designations.** Any confidential designation is subject to challenge by any party. A party may challenge a designation under this Order as follows:

(a) **Challenge to Information Designation.** A party need not challenge a designation when the information is designated. If a party later disputes a confidentiality designation, the affected parties must make a good faith effort to resolve the dispute. If they cannot resolve the dispute, any affected party may seek to resolve the discovery dispute under Local Rule 26(c).

(b) **Challenge to Qualified Person.** A party or producing third party may challenge the designation of a person as qualified to receive such information under this Order within 21 days of becoming aware the person has received or will receive the information. If they cannot resolve the dispute

through a good faith effort, any affected party may seek to resolve the discovery dispute under the Local Rules.

16. **Action by the Court.** Applications to the Court for orders relating to Confidential Information must be made by motion under Local Rule 7.

17. **Use of Confidential Information at Trial.** A party that intends to present at trial or anticipates that another party may present Confidential Information at trial should identify the issue, not the specific Confidential Information, in the pretrial memorandum. The Court may make such orders as are necessary to govern the use of such documents or information at trial.

18. **FOIA**. In the event of a request pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Freedom of Access Act (FOAA), 5 M.R.S. §§ 400-414, for documents and information (including discovery materials and testimony) containing Confidential Information from this action, the Court intends that this Order will protect the records from access via FOIA and FOAA, unless the Court issues a subsequent order permitting disclosure.

19. **Obligations on Conclusion of Litigation.**

    (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order will remain in force after dismissal or entry of final judgment not subject to further appeal. Filings made under seal will only be deleted from ECF upon order of the Court.

    (b) **Return or Destruction of Confidential Information.** Within 60 days after the conclusion of the litigation, including any appeal or claim for

attorneys' fees, the receiving party must either (i) return the Confidential Information or (ii) destroy the Confidential Information and certify to the producing party that it was destroyed. But counsel are entitled to retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. This Order does not displace or override applicable regulatory and statutory obligations regarding government record retention and maintenance or disclosure or otherwise require a party or third party to destroy documents it produced under this Order. Nor does this provision require the party to manually delete any data from disaster recovery or backup systems even if that data may contain copies or fragments of such materials until it is overwritten or destroyed in the ordinary course of records management. Such materials that contain or constitute Confidential Information remain subject to this Order.

(c) **Third Parties.** When any third party produces Confidential Information voluntarily or in response to a subpoena, the receiving party must notify the producing third party promptly after the conclusion of the litigation, including any appeal, so that the producing third party may avail itself of the rights afforded by this Order.

**20. No Judicial Determination.** This Order is not a judicial determination that any documents or information designated confidential are subject

to protection under any statute or rule. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**21. Non-Waiver of Privilege or Protection and Inadvertent Disclosure.** Nothing in this Order waives or limits any applicable privilege, work product, or other protection, including confidential business information or personal identifying information, or limits the ability of a party to seek relief for inadvertent disclosure of information protected by privilege, work product, or other protection.

**22. Attorney-Client Privilege.** This Order will be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**23. Modification.** The Court may modify this Order either on its own or at a party's request by motion filed under Local Rule 7.

So Ordered.

Dated:

                                                U.S. District Judge
                                                U.S. Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:25-cv-00173-SDN |
| MAINE DEPARTMENT OF EDUCATION, | ) ) ) ) | |
| Defendant. | ) | |

**Acknowledgement and
Agreement to be Bound**

The undersigned hereby acknowledges that they have read the Confidentiality Order dated _____ in the above-captioned action, understands its terms, and agrees to be bound by them. The undersigned submits to the jurisdiction of the United States District Court for the District of Maine in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate them to use materials designated confidential in accordance with the Confidentiality Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived from them to any other person, firm, or entity.

EXHIBIT A

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____ Signature: _____