# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAINE DEPARTMENT OF EDUCATION,<br><br>Defendant. | Case No. 1:25-cv-00173-SDN |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

The United States submits this Response in Opposition to Defendant's Motion for Entry of Confidentiality Order, ECF No. 29. The United States does not object to and indeed supports the entry of Defendant's proposed Confidentiality Order, except to the extent it does not include the additional language regarding law enforcement that the United States previously proposed. The United States understands that the Court has indicated it will not include the United States' additional language. The United States respectfully submits this Opposition to avoid a potentially unclear record indicating that it voluntarily stipulated to an order without the law enforcement language.

As this Court knows, the United States requested that a proposed stipulated Confidentiality Order include the following language at the end of Paragraph 9:

> Provided, however, that the parties may disclose Confidential Information to a criminal law enforcement agency or prosecutor's office if the party believes that Information is evidence of a violation of federal criminal or state criminal law, or if an ethical obligation so requires.

*See* Discovery Dispute, ECF No. 19-1.

The United States requested this additional language to avoid stipulating to the Court's supervision over the United States' duty to "take Care that the Laws be faithfully executed," U.S. Const. Art. II, § 3, including the duty to investigate and prosecute violations of criminal law. Moreover, seeking the Court's approval for the sharing of information for law enforcement purposes could reveal details of law enforcement actions and compromise investigations. The United States' requested inclusion of this additional law enforcement language was not particular to this case, this Defendant, or the State of Maine. Rather, this is a normal, standard term for the United States to include in its stipulated protective orders. *See* Stipulated Consolidated Protective Order at 2, *United States v. Alabama*, No. 2:20cv1971 (N.D. Ala. Oct. 14, 2021), ECF No. 62.

The Parties submitted the issue informally to the Court. After a discovery conference, this Court "declined the United States' request to add language to the otherwise agreed-to confidentiality order that would permit each party to unilaterally decide whether to disclose confidential documents for criminal investigation purposes." Aug. 13, 2025, Order, ECF No. 25.

The United States fully understands that this Court has decided to not include the United States' requested language in a Confidentiality Order. At the same time, the United States wants to avoid a record that potentially implies that it voluntarily stipulated to an order without it. The United States believes that jointly submitting a "Stipulated Confidentiality Order" with Defendant could present such ambiguity. The United States accordingly, and respectfully, submits this Response in Opposition to avoid any unclear record.

Respectfully submitted,

                                 */s/ Matthew J. Donnelly*
                                 MATTHEW J. DONNELLY
                                 Attorney
                                 United States Department of Justice
                                 950 Pennsylvania Avenue, NW
                                 Washington, D.C.  20530
                                 Telephone: (202) 616-2788
                                 Email: matthew.donnelly3@usdoj.gov

Dated:  September 3, 2025