**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. MAINE DEPARTMENT OF EDUCATION, *Defendant.* | CASE NO. 1:25-cv-00173-SDN |

**GLBTQ LEGAL ADVOCATES & DEFENDERS REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

The United States' opposition misstates both the standard for amicus participation in this Court and the content and utility of the proposed submission by GLBTQ Legal Advocates & Defenders (GLAD Law). District courts possess broad discretion to accept amicus briefs that will aid the Court on issues that have ramifications beyond the immediate parties, particularly where nonparty rights and burdens are implicated. GLAD Law's proposed brief offers precisely that assistance: it addresses the Rule 45 standards as applied to subpoenas seeking nonparty student identities and related sensitive information and explains the burden and privacy risks to nonparty minors within well-established constitutional and doctrinal frameworks. The submission is concise at only 10 pages, non-duplicative, and limited to a discrete set of subpoena requests. The motion should be granted.

1

I. **The Court's Discretion to Accept Amicus Assistance Encompasses Targeted Submissions that Provide Useful Perspective Beyond Existing Briefing**

The Federal Rules of Civil Procedure do not restrict this Court's inherent discretion to accept amicus assistance where it may be helpful to the resolution of the issues presented. As the Government itself acknowledges, this Court and others in this Circuit have recognized that amicus participation is appropriate where the amicus offers unique information or perspective that assists the Court beyond what party counsel provides, particularly when legal questions carry broader significance or when nonparty interests are at stake. *See Boston Gas Co. v. Century Indem. Co.*, No. 02-12062, 2006 WL 1738312, *5 n.1 (D. Mass June 21, 2006) (stating "[district] courts have inherent authority and discretion to appoint amici"); U.S. Opp. to GLAD Law Amicus Br. at 2.

While the First Circuit has cautioned district courts to "go slow" absent party consent, the Court did not bar amicus participation; rather, it pointed to two pragmatic considerations: whether the amicus brings a special interest or perspective; and whether the Court perceives a need to supplement the existing record or arguments. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). Both considerations support acceptance of GLAD Law's amicus brief. GLAD Law has decades of experience litigating and briefing the precise issues implicated by the subpoena—student privacy, safe and positive school environments for all students, including LGBTQ+ students, and the current targeting of transgender people across education, health, and civil rights contexts. GLAD Law's proposed amicus brief

provides focused analysis on the confluence of Rule 45's nonparty protections and the unique and well-documented privacy and safety risks to minors from compelled disclosure of transgender status and related records.

## II. The Proposed Brief Is Not Duplicative; It Addresses Discrete Rule 45 Issues Concerning Nonparty Minors' Identities and Sensitive Records

The Government's characterization of GLAD Law's proposed amicus brief as merely repeating the Maine Principal's' Association (MPA) arguments does not accurately reflect the substance of the proposed brief. GLAD Law's brief concentrates on discrete points that supplement, rather than duplicate, the MPA's motion: first, that the breadth and burden of the Government's requests on the nonparty students independently warrant quashing under Rule 45; and second, that compelled disclosure of students' transgender status and related records triggers serious privacy concerns recognized by federal courts and the Constitution's protection of informational privacy.

On breadth and burden, GLAD Law identifies the sweeping nature of the Government's requests—statewide rosters, identification of all transgender student-athletes over multiple years, ranking data by named student, and meeting minutes and communications that would inevitably reveal identities and sensitive details— and explains why those requests fail Rule 45's proportionality and nonparty-protection requirements. *See* GLAD Law proposed Amicus Br. at 6-9. As the First Circuit has emphasized, the burden on nonparties warrants special weight, and the chilling effect and risk of harm to similarly situated individuals are pertinent to

3

protecting identities. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71-72 (1st Cir. 2022).

On privacy, GLAD Law canvasses decisions recognizing the heightened privacy interests associated with transgender status and medical information, especially for minors, and the constitutional due process protection against compelled disclosure of sensitive personal information. *See* GLAD Law proposed Amicus Br. at 9-10. Those authorities articulate concerns independent of any particularized factual record in this case and provide legal context for the Court's Rule 45 analysis.

Both points are distinct from the analysis supplied by the MPA. While the MPA's Motion to Quash is focused on institutional burdens, logistics, and the concrete costs of compliance with the subpoena, GLAD Law's brief provides the Court with legal perspective on the protection of nonparty minors and the intersection of Rule 45's nonparty protections with minors' informational privacy and safety interests, informing the Court on the jurisprudence surrounding discovery balancing when the exposure of minors' sensitive personal information and identities are at issue. *See* GLAD Law proposed Amicus Br. at 6-10. This legal framing and precedent apply regardless of the custodian-specific arguments about institutional structure and systems that the MPA relies on to support its motion. Moreover, GLAD Law's arguments focus on a narrower subset of the subpoena requests—specifically, those that seek student athletes' personally identifiable and highly sensitive private information, including medical diagnoses, medical care,

4

identity documents, and communications received by MPA about their participation in sports or use of facilities. That tailored focus complements, rather than repeats, the MPA's broader objection.

Additionally, the Government's assertion that "sex or gender identity is not medical information," U.S. Opp. to GLAD Law Amicus Br. at 3 n.2, only underscores the need for the legal perspective GLAD Law provides. Requests that sweep in communications concerning gender identity participation policies, documentation, medical diagnoses such as gender dysphoria, and treatment-related materials plainly implicate sensitive medical and quasi-medical information, even if not maintained by a health care provider. As the GLAD Law brief explains, Courts consistently recognize the privacy interests at stake when government action would expose such information, and Rule 45 allows courts to prevent the harm that would likely come from compelled disclosure of such information, particularly for minors. *See* GLAD Law proposed Amicus Br. at 8-9.

### III. The Government's Objections to "External Facts" Misapprehend the Nature and Proper Use of Amicus Context and Legal Authorities

The Government suggests GLAD Law "infuse[s] outside purported facts" and "speculative opinions." U.S. Opp. to GLAD Law Amicus Br. at 1. But the proposed brief relies on judicial decisions, government publications, and well-established data to frame the legal stakes of compelled disclosure of identities and sensitive information about minors. *See* GLAD Law proposed Amicus Br. at 3-6. The brief cites federal case law recognizing the federal right to informational privacy in

5

sensitive medical information, particularly for individuals subject to stigma, and permitting anonymity for transgender minors and their families in light of the risk of harassment and harm—legal propositions directly relevant to the Rule 45 undue-burden analysis. *See* GLAD Law proposed Amicus Br. at 8-10. The brief also points to the administration's campaign targeting transgender youth and judicial opinions recognizing the hostility animating the administration's initiatives, including overbroad governmental inquiries. *See* GLAD Law proposed Amicus Br. at 4-6. The chilling effects of the government's efforts inform, rather than distort, the Court's consideration of proportionality and burden. Offering legal context of this sort is a paradigmatic amicus function; it does not require or invite the Court to resolve disputed adjudicative facts outside the record.

### IV. The Government's FERPA Argument Does Not Undermine the Utility of GLAD Law's Brief or Resolve the Rule 45 Inquiry

Finally, the Government's reliance on the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, is misplaced as a reason to deny amicus participation. The question before the Court on the MPA's Motion to Quash is governed by Rule 45—relevance, breadth, proportionality, and undue burden—not by whether FERPA may permit certain disclosures under specified conditions. GLAD Law's proposed brief squarely addresses the Rule 45 analysis and explains why identifying nonparty minors and producing records that would reveal transgender status and related sensitive information are irrelevant and unduly burdensome. Whether FERPA authorizes the Government to seek certain categories of education records does not obviate this Court's duty to apply Rule 45's nonparty

6

protections, nor does it diminish the constitutional and common-law privacy interests that counsel caution and targeted nondisclosure. The proposed amicus brief is helpful precisely because it articulates how those interests intersect with Rule 45 in the context of subpoenas directed to a nonparty statewide athletic association.

## Conclusion

GLAD Law's proposed amicus brief is narrowly tailored, grounded in controlling and persuasive legal authorities, and adds a specialized perspective on the burden on nonparty minors that will meaningfully aid the Court in adjudicating the MPA's motion to quash. The Court should exercise its discretion to grant leave and consider the proposed brief.

Dated: November 25, 2025

Respectfully submitted,

*/s/ Mary L. Bonauto*
Mary L. Bonauto
GLBTQ Legal Advocates & Defenders
18 Tremont St. Ste. 950
Boston, MA 02108

257 Deering Ave.
Portland, ME 04103
(617) 426-1350
mbonauto@gladlaw.org

Counsel for Amicus Curiae

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                                           */s/ Mary L. Bonauto*
                                           Mary L. Bonauto