UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) No. 1:25-cv-00173-SDN ) |
| MAINE DEPARTMENT OF EDUCATION, | ) ) ) ) |
| Defendant | ) |

**ORDER ON MOTION TO INTERVENE**

Portland Public Schools (PPS) seeks to intervene under Fed. R. Civ. P. 24 to move to quash the third-party subpoena that the United States served on the Maine Principals Association (MPA). Motion (ECF No. 42) at 1. PPS argues that the Family Educational Rights and Privacy Act (FERPA), *see* 20 U.S.C. § 1232g, precludes production of its students' education records and the Court should either grant intervention by right, *see* Fed. R. Civ. P. 24(a), or permissive intervention under Fed. R. Civ. P. 24(b).[1] Motion at 3-7. For the following reasons, I grant PPS permissive intervention in accordance with Fed. R. Civ. P. 24(b) for the limited purpose of moving to quash the third-party subpoena served on the MPA.

**I. Discussion**

Rule 24(b)(1)(B) gives a reviewing court discretion to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common

---

[1] Because I conclude that PPS may permissively intervene, I decline to address whether it has a right to intervene under Rule 24(a).

1

question of law or fact." In assessing timely motions for permissive intervention, "the district court can consider almost any factor rationally relevant" and has "very broad discretion in granting or denying the motion," *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999), so long as it considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3).

I will begin by considering the potential prejudice of allowing intervention. PPS made a timely application to intervene. *See R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 8 (1st Cir. 2009) ("A motion to intervene is timely if it is filed promptly after a person obtains actual or constructive notice that a pending case threatens to jeopardize his rights."). Counsel for the Government signed the subpoena on August 14, 2025. ECF No. 28-1. PPS filed its motion to intervene on September 17. ECF No. 42. Thus, PPS acted promptly by coordinating and filing its motion to intervene, and the Government has pointed to no prejudice warranting denial. *See* Response (ECF No. 45). Moreover, PPS, as an institution subject to FERPA, offers a perspective that will aid the Court in deciding the motion to quash the third-party subpoena, because neither the Government nor the MPA is subject to FERPA's strictures.

PPS's FERPA defense against production shares a common question of law with the MPA's defense, which satisfies the requirement of Rule 24(b)(1)(B), namely, whether the Government can carry the heightened burden required by FERPA before student education records may be produced, and whether any of FERPA's exceptions

2

may warrant production of education records containing student identifying information. *Compare* ECF No. 28 at 9-11, *with* ECF No. 42-1 at 3-4; *see also Smith v. Brown Univ.*, 695 F. Supp. 3d 246, 249 (D.R.I. 2023) ("FERPA does not provide an evidentiary privilege for discovery purposes but places a higher burden on a party seeking access to student records to justify disclosure.").

Because granting PPS limited involvement will not prejudice the Government and PPS's defense against production of its students' education records shares a common question of law with the motion to quash the third-party subpoena, permissive intervention under Rule 24(b)(1)(B), (b)(3) is appropriate.

## II.  Conclusion

For the foregoing reasons, PPS's motion to intervene is **GRANTED** for the limited purpose of filing its attached motion to quash, *see* ECF No. 42-1, and appearing at any associated hearings.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: December 22, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge