UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) ) |
| MAINE DEPARTMENT OF EDUCATION, | ) ) ) ) |
| Defendant | ) |

No. 1:25-cv-00173-SDN

## ORDER

The Maine Department of Education (MDOE) requested a hearing to resolve a discovery dispute concerning interrogatories and document requests. Request for Hearing (ECF No. 23). The Government objects, arguing that the MDOE's requests seek irrelevant and/or privileged information and are overbroad and unduly burdensome. *Id.* On August 13, 2025, I held a hearing on the issue. ECF No. 24. After hearing from the parties, I directed them to submit letter briefs addressing the relevance of the MDOE's interrogatories and document requests. ECF No. 25. Ultimately, treating the request for a hearing as a motion to compel discovery, I grant MDOE's requests in part and deny them in part.

### I. Discussion

Information is generally discoverable if it is: (1) non-privileged; (2) relevant to either a claim or defense; and (3) proportional to the needs of the case.

1

Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id*.

MDOE seeks information regarding investigations by the United States Department of Education (USDOE) Office for Civil Rights (OCR) and the United States Department of Health and Human Services (HHS) OCR into Maine's compliance with Title IX and related regulations. ECF Nos. 23-1, 23-2. The Government's overarching objection is that the requests are irrelevant because they address the motivation for enforcement rather than its merits. *See id*. The complaint, however, describes the USDOE and HHS investigations and how they are necessary precursors to the current action. *See* Complaint (ECF No. 1) ¶¶ 1, 136-53. Therefore, the investigations are relevant, and the Government's overarching objection is unpersuasive. Each request is addressed individually below.

### A. Interrogatories

The first dispute concerns interrogatories fifteen and sixteen. Interrogatory fifteen asks the Government to "[i]dentify by name and title each person who assisted in the United States Department of Education's Office for Civil Rights' directed investigation in 2025 regarding MDOE's alleged violation of Title IX." Interrogatories (ECF No. 23-1) at 20. Although the request is broadly phrased, the MDOE is entitled to discover the identities of individuals who may possess knowledge of relevant facts for both the claims and the defenses. *See, e.g.*, *Waithira v. Smith*, No. 20-11318-DPW, 2021 WL 11729057, at *3 (D. Mass. Apr. 22, 2021) ("Waithira is entitled to know the identities of those individuals who engaged in the investigation

2

of this case as they may have knowledge of relevant facts."). The names of persons who assisted or directed the USDOE OCR investigation may lead to relevant facts. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 30(a)(1). The Government has not shown that this request is disproportionate to the needs of the case. *See Thomas & Betts Corp. v. New Albertson's, Inc.*, No. 10-11947-DPW, 2012 WL 12552276, at *2 (D. Mass. July 20, 2012) ("[The] party resisting discovery bears burden of establishing lack of relevancy or undue burden."). Accordingly, the Government must supplement its answer to interrogatory fifteen with the remaining names of individuals who participated in the USDOE's investigation of the MDOE.

Interrogatory sixteen seeks the same information from the HHS OCR. Interrogatories at 21. Both the USDOE and the HHS investigations were precursors to this action. *See, e.g.*, United States Letter Brief (ECF No. 38) at 5; Complaint ¶¶ 136-53. Like interrogatory fifteen, the Government has not shown that the requested names of those who participated in the HHS investigation are disproportionate to the needs of the case.[1] Therefore, the identities of those who assisted with or directed the OCR investigations are discoverable, and the Government must supplement its responses to interrogatories fifteen and sixteen.

---

[1] Moreover, Rule 26(b)(1) previously included language specifically supporting the discoverability of "the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (2010) (repealed 2015). In removing that language, the Advisory Committee Note explained that the practice was so deeply entrenched that it was unnecessary to include it in the rule. Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

## B.  Document Requests

There are ten document requests at issue. Requests one, two, four, and five concern documents about the decision to initiate the USDOE and HHS investigations into Maine's Title IX compliance and documents obtained during those investigations. Document Requests (ECF No. 23-2) at 1-8.  The documents gathered by the agencies during their investigations are relevant.  As discussed, the investigations are described in the complaint and were precursors to the filing of this action. Complaint ¶¶ 136-53; United States Letter Brief at 5.  The agencies' motivation to initiate their investigations is also relevant to the MDOE's defenses.  *See* Amended Answer (ECF No. 60) at 16-17.

Relevant information, however, may still be withheld if it is privileged. Fed. R. Civ. P. 26(b)(1).  The party claiming the privilege "must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).  This is done by serving a privilege log that lists each document, specifies who created it and all recipients, and concisely states the basis for the claim of privilege.  *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.,* 240 F.R.D. 44, 47 (D. Conn. 2007) ("An essential step in meeting the burden of establishing the existence of a privilege or an immunity from discovery is the production of an adequately detailed privilege log.").  The same procedure must be applied here.  As noted, the requested documents are relevant, and although the

requests are broad, the scope of discoverable information and the determination of whether any information is privileged are likely manageable. The HHS investigation lasted four days, and the USDOE investigation was completed in under one month. ECF Nos. 16-1-16-6. Therefore, the Government must produce a privilege log as described in Rule 26(b)(5)(A)(i)-(ii) for the MDOE to review and determine whether it may challenge any withheld documents.

Next, request seven seeks "all documents received by the Department of Justice from any federal official or federal agency supporting or concerning any allegation made in the complaint." Document Requests at 10. The Government objects but has agreed to produce all non-privileged documents obtained from the USDOE and HHS. *Id.* 10-11. Like the previous set of requests, the Government needs to go one step further and produce a privilege log for the documents it is withholding from production so the MDOE can evaluate the privilege claim. *See* Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).

Request number eight seeks "all documents concerning the decision of the Secretary of Agriculture to freeze funds because of Maine's alleged violation of Title IX, as announced to Maine by the Secretary's letter to Maine's Governor dated April 2, 2025." Document Requests at 11. These documents relate to a separate matter in which Maine obtained a temporary restraining order requiring the Secretary to unfreeze and release the funds. *See Maine v. United States Dep't of Agric.*, No. 1:25-cv-00131-JAW, 778 F. Supp. 3d 200, 238 (D. Me. 2025). The parties then entered into a settlement agreement that fully and finally resolved the matter.

*See* Status Report (ECF No. 19), No. 1:25-cv-00131-JAW, at 1. The requested documents concern a different agency from the two that conducted the investigations at issue here. At this stage in discovery, the MDOE has not demonstrated relevance and proportionality, and the documents are outside the scope of discovery. Without further information from the MDOE, no production is needed at this time.

Requests nine and ten are also overly broad and seek likely privileged information. Setting aside privilege, the requests seek "[a]ll communications from, to, between, or among federal executive branch officials and/or employees, including the President and the President's staff" regarding transgender athletes' participation in Maine interscholastic athletics and the decision to investigate or freeze federal funding because of the alleged Title IX violations. Document Requests at 13. There are over 2 million federal civil employees in the executive branch.[2] Although the requests do not seek communications from every one of these employees, they fail to meaningfully distinguish among the many employees and their communications; therefore, they are disproportionate and unduly burdensome compared with the needs of this case, the merits of which concern the MDOE's compliance with Title IX.

Finally, requests twenty-two and twenty-three seek production of the "most recent case processing manual" from the USDOE OCR and HHS OCR. Document Requests at 22-23. The procedure for processing investigations into MDOE's Title IX compliance is relevant to whether the agencies took the necessary

---

[2] *See* Office of Personnel Management, *New Data Shows Trump Administration's Progress in Right-Sizing the Federal Bureaucracy* (2025), opm.gov/news/new-data-shows-trump-administration's-progress-in-right-sizing-the-federal-bureaucracy/.

steps prior to the Government filing this action, as well as to MDOE's defenses alleging that the Federal Government is acting ultra vires and selectively enforcing Title IX against the MDOE. As requested, the processing manuals are discrete documents that are not burdensome to produce and are proportional to the needs of the case. Therefore, the Government must produce the requested manuals.

## II. Conclusion

Treating the request for a hearing as a motion to compel discovery, I **GRANT** the MDOE's request in part and order that the Government answer interrogatories 15 and 16, produce privilege logs for document requests 1, 2, 4, 5, and 7, and produce case processing manuals responsive to requests 22 and 23. No further production is needed in response to document requests 8-10, as they are either irrelevant or disproportionate to the needs of the case.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: January 15, 2026

                                              /s/ Karen Frink Wolf
                                              United States Magistrate Judge