## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:25cv00173-SDN |
| MAINE DEPARTMENT OF EDUCATION, | |
| Defendant. | |

### UNITED STATES' MOTION TO RECUSE

Pursuant to 28 U.S.C. § 455, the United States moves for the District Judge and Magistrate Judge assigned to this case to recuse themselves.  On January 28, 2026, this Court held a conference of counsel where both Judges disclosed a potential conflict issue concerning a court staff member.  *See* Minute Entry, Jan. 28, 2026, ECF No. 67.  The Court directed the Parties to file any relevant motions within seven days.  *Id.*  In light of the recusals in a similar case, *Libby v. Fecteau*, No. 1:25cv83 (D. Me.), the United States respectfully submits that this conflict issue requires recusal here because it creates an impermissible appearance of partiality. *See* 28 U.S.C. § 455(a).[1]

### MEMORANDUM OF LAW

Section 455(b)(1) requires a judge to disqualify herself where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Comparatively, under Section 455(a), any "judge, or magistrate

---

[1]  This Motion focuses on the incongruence with the *Libby* case recusals.  Pursuant to this Court's direction regarding privacy, the United States does not recount the unnecessary details of the potential conflict issue disclosed by the Court.  Should the Court desire or require more detail than the United States has provided, the United States requests the opportunity to supplement.

judge of the United States shall disqualify" herself in any proceeding in which the judge's "impartiality might reasonably be questioned."

Section 455(a) forbids not only actual bias like Section 455(b), but also reaches the appearance of impartiality. It invokes an objective test, asking whether "an objective, reasonable member of the public, 'fully informed of all the relevant facts, would fairly question the trial judge's impartiality.'" *In re United States*, 441 F.3d 44, 56–57 (1st Cir. 2006) (quoting *In re United States*, 158 F.3d 26, 31 (1st Cir. 1998) (emphasis omitted)); *see also United States v. Kelley*, 712 F.2d 884, 890 (1st Cir. 1983) (The objective test asks whether the "facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge [herself] or even necessarily in the mind of the litigant filing the motion . . ., but rather in the mind of the reasonable [person]." (quoting *United States v. Cowden*, 545 F.2d 257, 265 (1st Cir. 1976))). The First Circuit has repeatedly "expressed that close questions should be resolved in favor of disqualification." *Olszewski v. Hutchins*, No. 1:24-CV-00209-JAW, 2026 WL 221843, at *5-6 (D. Me. Jan. 28, 2026) (citing *In re United States*, 158 F.3d at 30); *accord In re United States*, 441 F.3d at 56-57; *United States v. Medoff*, 159 F.4th 107, 122–23 (1st Cir. 2025).

This case concerns an overlapping issue and shares some overlapping facts with *Libby v. Fecteau*, No. 1:25cv83 (D. Me.). The *Libby* case concerned the formal censure of Maine House Representative Libby for her public comments on "[p]articipation in sports by transgender students." *See Libby v. Fecteau*, 784 F. Supp. 3d 272, 274 (D. Me. 2025), *vacated and remanded,* No. 25-1385, 2025 WL 2932939 (1st Cir. July 22, 2025).

On March 11, 2025, the Complaint was filed in *Libby*. That same day, both Judge Wolf and Judge Neumann *sua sponte* recused themselves. *See* Order of Recusal, *Libby*, No. 1:25cv83, ECF Nos. 12 (Wolf, J.) & 13 (Neumann, J.). Indeed, all the judges from the District of Maine

recused themselves from the *Libby* case, and the case was referred to the District of Rhode Island.  Order, *Libby*, No. 1:25cv83, ECF No. 15.

The United States does not definitively know why Judge Wolf and Judge Neumann recused themselves from the *Libby* case, as their Orders of Recusal do not provide any justification detail beyond citing 28 U.S.C. § 455.  But if their recusals in *Libby* were due to the same conflict issue the Judges disclosed at the January 28 conference of counsel, then recusal should apply equally here.  Given the overlap of the cases, recusal in *Libby* and not here appears contradictory and at the very least raises an impermissible appearance of partiality.  An "objective, reasonable member of the public," informed that the potential conflict issue caused immediate *sue sponte* recusals in *Libby* but not here, "would fairly question the trial judge's impartiality."  *In re United States*, 441 F.3d at 56-57.  That this case and *Libby* overlap on a "fiercely debat[ed]" topic adds to the impartiality question.  *Libby*, 784 F. Supp. 3d at 274.

This appearance of partiality is even more prominent if the potential conflict issue the Court disclosed at the January 28 conference was the same issue that caused every single judge in the District of Maine to recuse from the *Libby* case.  That shows a material conflict, or appearance of material conflict, that is sizable enough to recuse an entire District.

Overall, if the conflict issue is the same as in *Libby*, the United States submits that the Judges assigned to this case clearly should recuse themselves here as well.  But even if it were a close question, that question "should be resolved in favor of disqualification."  *Olszewski*, 2026 WL 221843, at *5-6; *accord In re United States*, 158 F.3d at 30.

## CONCLUSION

The United States respectfully submits that the District and Magistrate Judges assigned to this case should be recused.

Respectfully submitted,


 _/s/ Matthew J. Donnelly_
MATTHEW J. DONNELLY
Attorney
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530
Telephone: (202) 616-2788
Email: matthew.donnelly3@usdoj.gov


Dated:  February 4, 2026