UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| v. | ) No. 1:25-cv-00173-SDN |
| MAINE DEPARTMENT OF EDUCATION | ) |
| Defendant. | ) |

**MAINE DEPARTMENT OF EDUCATION'S
OPPOSITION TO UNITED STATES' MOTION TO RECUSE**

Pursuant to 28 U.S.C. § 455, the United States moves for the recusal of the District Judge and Magistrate Judge assigned to this case. The motion should be denied. The information that the Court provided to the parties during a conference on January 28, 2026 does not suggest that either judge has any personal bias or prejudice or has personal knowledge of disputed evidentiary facts. 28 U.S.C. § 455(b)(1).

The United States argues that recusal is necessary under 28 U.S.C. § 455(a) because there is an "impermissible appearance of partiality." M. to Recuse, 1. The basis for this argument is that because this case allegedly "concerns an overlapping issue and shares some overlapping facts" with another case in which all of the judges from this district recused themselves, *i.e.*, *Libby v. Fecteau*, No. 1:25-cv-83-MRD (D. Me., Mar. 11, 2025), it would be "contradictory" for the judges to not recuse themselves here. *Id.*, 2-3. And this, claims the United States, "at the very least raises an impermissible appearance of partiality." *Id.*, 3.

First, to the extent that the United States moves to recuse the judges in this matter (or all the judges in the district) based on their recusal in a separate matter, the motion is untimely.

Motions to recuse pursuant to section 455(a) must be timely filed. *In re United States*, 441 F.3d 44, 65 (1st Cir. 2006). "[T]he timeliness requirement allows courts to 'reject what appear to be strategic motions to recuse a judge whose rulings have gone against the party.'" *United States v. O'Brien*, No. CRIM. 12-40026-FDS, 2014 WL 535663, at *10 (D. Mass. Feb. 6, 2014) (quoting *In re United States*, 441 F.3d at 65). "In general, one must raise the disqualification of the judge at the *earliest* moment after acquiring knowledge of the relevant facts." *In re Abijoe Realty Corp.*, 943 F.2d 121, 126 (1st Cir. 1991) (cleaned up, emphasis in original).

The United States was well aware of the *Libby* matter before filing its motion to recuse. Indeed, the United States, represented by the same counsel as in this case, filed an amicus brief in support of Libby in the First Circuit Court of Appeals. *See generally* Brief for the United States as Amicus Curiae Supporting Appellants and Urging Reversal, *Libby v. Fecteau*, No. 25-1385, 2025 WL 1542757 (1st Cir. May 19, 2025). Although the Court may have just invited this recusal motion last week, the facts that form the basis of the United States' motion were known more than eight months ago. Because the United States nevertheless waited until now to move for recusal in this case, its motion is untimely and should be denied.

Second, the *Libby* case is only tangentially related to this matter. In *Libby*, the plaintiff, a state representative, had posted on her official Facebook page a photo of a transgender girl, her first name, and her school and criticized the girl's participation in a girls' pole vault competition. *Libby v. Fecteau*, 784 F. Supp. 3d 272, 276-77 (D. Me. 2025), *vacated as moot and remanded*, 2025 WL 2932939 (1st Cir. July 22, 2025). The Speaker of the House asked the representative to remove the post, expressing concern that it threatened the girl's health and safety. *Id*. at 276. After the representative declined to remove the post and apologize, the representative was prevented

from voting or debating on the floor of the Maine House of Representatives by Maine House Rule 401(11). *Id*. at 277.

There are no "overlapping issues" between *Libby* and this case, and any factual overlap is insignificant. At issue in *Libby* was whether the Speaker and Clerk of the Maine House of Representatives were immune from suit and whether the application of House Rule 401(11) to the representative was lawful. At issue here is whether Maine DOE is in violation of Title IX because state law permits transgender women and girls to participate on women's and girls' school-based sports teams. While in the most general sense, both cases involve the participation of transgender athletes in school sports, that is where the similarities end. The significant factual and legal differences in the two cases (including that in the *Libby* case the plaintiff publicly targeted a child) mean that the mere fact that recusal might have been required or appropriate in one case[1] does not require recusal in the other case. And to the extent that there is a concern that members of the public might question why judges recused themselves in one matter and not the other, the Court could simply note in an order denying the motion to recuse that there are significant legal and factual differences between the two cases.

For the reasons set forth above, Maine DOE respectfully requests that the Court deny the motion to recuse.

---

[1] On March 12, 2025, the Chief Judge for the District of Maine issued a statement regarding the recusal of all of the District's judges in the *Libby* matter: "The Judges of the District of Maine independently concluded that they are compelled by the Code of Conduct for United States Judges to recuse themselves because an employee of the District of Maine is involved in or directly impacted by the controversy underlying this litigation." *See* https://www.med.uscourts.gov/news/statement-chief-us-district-judge-lance-e-walker-regarding-laurel-d-libby-et-al-v-ryan-m.

Dated: February 5, 2026

Respectfully submitted,

AARON M. FREY
Attorney General

/s/ Christopher C. Taub
CHRISTOPHER C. TAUB
Chief Deputy Attorney General
Christopher.C.Taub@maine.gov
SARAH A. FORSTER
Assistant Attorney General
Sarah.Forster@maine.gov
KIMBERLY L. PATWARDHAN
Assistant Attorney General
Kimberly.Patwardhan@maine.gov
Office of the Attorney General
State House Station 6
Augusta, ME 04333
Telephone: (207) 626-8800

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 5th day of February, 2026, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. To my knowledge, there are no non-registered parties or attorneys participating in this case.

/s/ Christopher C. Taub
CHRISTOPHER C. TAUB
Chief Deputy Attorney General
Six State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8800
Christopher.C.Taub@maine.gov