UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MAINE DEPARTMENT OF EDUCATION,<br><br>    Defendant. | Case No. 1:25cv00173-SDN |

**UNITED STATES' REPLY TO OPPOSITION TO MOTION TO RECUSE**

The United States' Motion to Recuse, ECF No. 69, respectfully submitted that the District Judge and Magistrate Judge should recuse themselves because their failure to recuse here is inconsistent with their recusals in a similar case, *Libby v. Fecteau*, No. 1:25cv83 (D. Me.). This inconsistency at the very least raises an impermissible appearance of partiality, which 28 U.S.C. § 455(a) prohibits. Defendant's Opposition to the Motion, ECF No. 70, urges that the *Libby* case is different and the United States' Motion is untimely. This Court should find those arguments unconvincing, and that recusal is appropriate and necessary here.

**1.    The *Libby* Recusals Are Indistinguishable.**

Defendant's Opposition helpfully flags the definitive reason that the Judges assigned to this case recused themselves in *Libby*. *See* Def. Opp'n at 3 n.1; *cf.* U.S. Mot. at 3 ("The United States does not definitively know why Judge Wolf and Judge Neumann recused themselves from the *Libby* case."). In *Libby*, all the Judges in this District, including those assigned to this case, were "*compelled* by the Code of Conduct for United States Judges to recuse themselves because an employee of the District of Maine is involved in or directly impacted by the controversy underlying this litigation." Statement by Chief U.S. District Judge Lance E. Walker Regarding

*Laurel D. Libby, et al. v. Ryan M. Fecteau, et al.*, March 12, 2025. (emphasis added), https://www.med.uscourts.gov/news/statement-chief-us-district-judge-lance-e-walker-regarding-laurel-d-libby-et-al-v-ryan-m.

That appears to be the exact same conflict issue the Judges assigned to this case disclosed at the January 28, 2026, conference of counsel. That conflict issue in substance was that "an employee of the District of Maine is involved in or directly impacted by the controversy underlying this litigation." This is also presumably the reason why another Judge in this District recused himself in this case before the assigned Judges did not. *See* Order of Recusal, (April 18, 2025) (Nivison, Mag.), ECF No. 5; *cf.* Order of Recusal, *Libby*, (March 11, 2025) (Nivison, Mag.), ECF No. 5.

Defendant tries to distinguish the *Libby* case, but the basis to recuse here is the same as or stronger than in *Libby*. Defendant concedes the overlap of both cases involving trans-identifying males playing in female sports. *See* Def. Opp'n at 3. Defendant then tries to distance the *Libby* case by pointing to *Libby*'s overarching legal issue as different than this case. *Id.* In *Libby*, the overarching legal issue was whether the Maine House of Representatives could impose a sanction of prohibiting Representative Libby from speaking or voting on the House floor for her social media posts regarding trans-identifying athletes. *See generally Libby v. Fecteau*, 784 F. Supp. 3d 272 (D. Me. 2025), *vacated and remanded,* No. 25-1385, 2025 WL 2932939 (1st Cir. July 22, 2025). And all the Judges in this District recused themselves because "an employee of the District of Maine is involved in or directly impacted by the controversy underlying this litigation." *See* Statement by Chief U.S. District Judge Walker, *supra*.

Here, the overarching legal issue is whether Defendant's allowance and approval of trans-identifying athletes' participation in girls' sports violates Title IX, 20 U.S.C. § 1681. Given this

issue, the United States submits that here "an employee of the District of Maine is" even more prominently "involved in or directly impacted by the controversy underlying this litigation" than in *Libby*. All the Judges in the *Libby* case felt "compelled" to recuse themselves for that reason, and that reason appears even more compelling here. At the very least, the contradiction with the *Libby* recusals gives the impermissible appearance of partiality that 28 U.S.C. § 455(a) prohibits.

    2.   **The United States' Motion Is Timely**.

Defendant also tries to paint the United States' Motion as untimely, arguing that the United States knew all the underlying information at the start of this case. *See* Def. Opp'n at 1-2. While undersigned counsel was aware of unconfirmed reports on why all the Judges in the District recused themselves in *Libby*, counsel did not definitively know why. *See* U.S. Mot. at 3. The recusal orders in *Libby* do not give any justification beyond citing 28 U.S.C. § 455. *See* U.S. Mot. at 2-3. And at the start of this case, that one Judge recused himself and the assigned Judges subsequently did not gave the appearance that the Judges actually recused themselves for varied reasons in *Libby*. Undersigned counsel was not aware of Chief Judge Walker's official statement giving the actual reason, (which was not issued on the *Libby* docket), until Defendant cited to it in its Opposition to this Motion. *See* Def. Opp'n at 3 n.1. The United States brought this Motion shortly after the Judges assigned to this case themselves learned of and flagged their potential conflict at the January 28, 2026, conference of counsel. This Court should accordingly find the Motion is timely.

Overall, the United States submits that the failure to recuse here conflicts with the recusals in *Libby*, that the basis for recusing here appears even more compelling than in *Libby*, and that, at the very least, the contradiction clearly creates an impermissible appearance of partiality that 28 U.S.C. § 455(a) prohibits. Moreover, even if it were a close call, that question

"should be resolved in favor of disqualification." *Olszewski v. Hutchins*, No. 1:24-CV-00209-JAW, 2026 WL 221843, at *5-6 (D. Me. Jan. 28, 2026) (citing *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998)).

The United States respectfully submits that the District and Magistrate Judges assigned to this case should be recused.

Respectfully submitted,

 /s/ Matthew J. Donnelly
MATTHEW J. DONNELLY
Attorney
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Telephone: (202) 616-2788
Email: matthew.donnelly3@usdoj.gov

Dated: February 11, 2026