UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:25-cv-00173-SDN |
| | ) |
| MAINE DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO RECUSE**

In this case, the federal Government is suing the Maine Department of Education on claims that Maine is violating Title IX by allowing transgender athletes to compete in girls' sports. The Government has served a third-party subpoena on the Maine Principals' Association, the governing body for interscholastic youth sports in Maine; the subpoena seeks, among other things, information about several named individuals, one of whom is related to a Court employee.

When we (the undersigned judges) discovered this connection during our review of pending motions to quash the subpoena, we disclosed it to the parties out of an abundance of caution. We told the parties at a conference that, after carefully considering the issue, we had concluded we could remain impartial and that our recusal was not mandated by law or the Code of Conduct for United States Judges. Nevertheless, we gave the parties one week to file any motions to recuse.

The Government has now filed a motion to recuse, arguing 28 U.S.C. § 455(a) requires our recusal. *See* Motion (ECF No. 69). Section 455(a) provides that any judge

1

or magistrate judge "shall disqualify" herself "in any proceeding in which" her "impartiality might reasonably be questioned." "[W]hat matters under" section "455(a) is not the reality of bias or prejudice but its appearance." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (Rehnquist, C.J., regarding recusal) (cleaned up). In evaluating whether our impartiality might reasonably be questioned, we must consider "the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Id.*

We relayed the following facts and circumstances to the parties at our conference. The employee in question performs administrative functions for the Court, does not work in our respective chambers, is not involved in any judge's substantive decision-making process, and has no role whatsoever in the adjudication of this case. Neither the employee nor the employee's relative is a party to this case, nor have they otherwise appeared. Finally, we have no personal knowledge of the facts at issue in this case from the employee or any other source.

To the extent more context is needed, we further note that we (1) are not directly involved in the employee's supervision; (2) do not work closely with the employee; and (3) interact with the employee infrequently, usually by email. Additionally, we have never met or interacted with the relative of the employee named in the Government's subpoena.[1]

---

[1] Based on these facts and circumstances, we also reject any passing argument by the Government, *see* Motion at 1, that we must recuse under 28 U.S.C. § 455(b)(1), which requires judges to recuse themselves when they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

We are satisfied—as other courts have been in similar situations—that a reasonable observer with knowledge of all these facts and circumstances would not question our impartiality. *Cf. Smulley v. Safeco Ins. Co. of Ill.*, No. 21-2124-cv, 2022 WL 16753118, at *3 (2d Cir. Nov. 8, 2022) ("[W]e are unconvinced that a reasonable person would conclude that the court's impartiality might reasonably be questioned. As the District Court noted, other courts have deemed recusal unnecessary where a ministerial court employee uninvolved in substantive decision-making has a connection, through family, to counsel." (cleaned up)); *In re Horne*, 630 F. App'x 908, 910-11 (11th Cir. 2015) ("[W]e are unable to locate any cases suggesting that a judge's administrative employee's relationship with a witness is grounds for the judge's recusal. To the contrary, recusal is warranted on the basis of a judicial employee's relationships only when the employee has (or appears to have) a role in the substantive decision-making process."); *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1313 (10th Cir. 2015) (holding a judge's impartiality could not be reasonably questioned where he "screened" his law clerk "from substantive work on" a case in which her husband was hired to monitor trial); *Bey v. Bruey*, No. 09-1092 (JBS/AMD), 2010 WL 276076, at *1 (D.N.J. Jan. 19, 2010) (declining to recuse merely because some defendants were "employees of the courthouse in which the" judge sat where the judge did not hire, supervise, or have regular contact with the employees in question); *United States v. Haff*, No. C1-00-75, 2001 WL 627426, at *1 (D.N.D. Jan. 24, 2001) ("A family member of a fellow judge, a family member the judge at issue may or may not have met but with whom the judge clearly does not have a

3

personal relationship, is indirectly involved in the case, perhaps as a witness, perhaps only as a part of the story that will be related at trial. This is insufficient to give 'the average person on the street' reasonable questions about a judge's impartiality.").

The Government focuses primarily on our earlier decisions to recuse in *Libby v. Fecteau*, No. 1:25-cv-00083-MRD, a District of Maine case also involving issues related to transgender student athletes. Motion at 1. If the "conflict" is the same as in *Libby*, the Government posits, recusal is "clearly" mandated "here as well." *Id.* at 3; *see* Reply (ECF No. 74) at 1-3.

The circumstances of this case, however, are materially different from those in *Libby*. In *Libby*, a State Representative challenged the constitutionality of the Maine House of Representatives' decision to censure her for posting about a transgender student athlete on social media. All the judges in this District recused themselves from the *Libby* case because, as Chief Judge Lance E. Walker explained in a public statement at the time, "an employee of the District of Maine [was] involved in or directly impacted by the controversy underlying [the] litigation." Statement by Chief U.S. District Judge Lance E. Walker Regarding Laurel D. Libby et al v. Ryan M. Fecteau et al. (March 12, 2025), https://www.med.uscourts.gov/news/statement-chief-us-district-judge-lance-e-walker-regarding-laurel-d-libby-et-al-v-ryan-m [https://perma.cc/NY4T-AX3B].

This case, by contrast, is not about any specific person. It is a dispute between two governments over a statewide policy, the resolution of which will largely turn on issues of law. Any involvement in the underlying controversy by the employee or the

employee's relative is tangential, and any impact this case might have on them will be incidental. A reasonable observer with knowledge of these different circumstances—as well as the circumstances outlined above—would not doubt our ability to be impartial based on our prior recusals. *Cf. Microsoft Corp.*, 530 U.S. at 1302-03 (Rehnquist, C.J., regarding recusal) (declining to recuse where a ruling might have a significant but indirect effect on the justice's son's legal practice because giving "such broad sweep to" section "455(a) seems contrary to the 'reasonable person' standard which it embraces"); *United States v. Cherry*, 330 F.3d 658, 665-66 (4th Cir. 2003) (holding a reasonable observer would not question a judge's impartiality merely because the judge has an attenuated connection to a person "tangential[ly]" involved in a case); *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986) (holding a judge's "disqualification was not required under" section "455 merely because he voluntarily withdrew from another case" involving the same defendant because "a reasonable person would" not "harbor doubts about" the judge's impartiality "based solely on his prior recusal").

Finally, although the Government did not raise the issue, we have again considered whether the Code of Conduct for United States Judges requires our recusal. *See* Canon 2 ("A judge should avoid impropriety and the appearance of impropriety in all activities."); Canon 3C(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ."). In doing so, we sought the advice of the Committee on Codes of Conduct of the Judicial Conference of the United States, which opined in an advisory

letter to us that the Code of Conduct did not require our recusal in these circumstances. For the same reasons outlined above, we agree with the Committee.

At bottom, we are satisfied that we can remain fair and impartial in this case and that a reasonable observer with knowledge of the surrounding facts and circumstances would not question our impartiality simply because a court employee's relative is named in the Government's subpoena. We will, of course, reevaluate our conclusion if either the employee or the relative becomes more directly involved in this case. But, as things stand now, the Government's motion seeking our recusal is **DENIED**.

Dated: March 5, 2026

/s/ Stacey D. Neumann
United States District Judge

/s/ Karen Frink Wolf
United States Magistrate Judge