UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
v.                               )        1:25-cv-00173-SDN
                                 )
MAINE DEPARTMENT OF EDUCATION,   )
                                 )
            Defendant.           )

## ORDER

This matter comes before the Court on the United States' objection, ECF No. 89, to the Magistrate Judge's Order granting in part and denying in part the motions to quash the United States' third-party subpoena on the Maine Principals' Association ("MPA"), ECF No. 83. For the reasons that follow, the United States' objection is **OVERRULED** and the Magistrate Judge's Order is **AFFIRMED** in its entirety.

## BACKGROUND

The United States has sued the Maine Department of Education ("MDOE") for alleged violations of Title IX by allowing transgender high-school girl athletes to compete in girls' athletic competitions. In conjunction with its lawsuit, the United States served a third-party subpoena on the MPA requesting a wide range of documents and materials within the MPA's possession, including student athletic rosters, minutes and transcripts of MPA committee meetings, athletic records for specific named students, and all communications to or from the MPA "regarding transgender student participation in sex-segregated sports or use of sex-specific athletic facilities." *See* ECF No. 28-1 at 10. In response, both the MPA and intervenor Portland Public Schools ("PPS") moved to quash the subpoena, arguing the requested information is irrelevant to the instant lawsuit,

1

disproportionate and unduly burdensome, and further protected under the Family Educational Rights and Privacy Act. *See generally* ECF Nos. 28 & 59.

On March 31, 2026, the Magistrate Judge issued an order granting in part and denying in part the motions to quash the subpoena. ECF No. 83. Specifically, the Order granted the motions to quash the subpoena's requests for a list of transgender student athletes (Requests 5–6 & 8–9) and for meeting minutes, transcripts, and recordings of the MPA's Gender Identity Equity Committee (Request 11). The Order denied the motions to quash as to school athletic rosters (Request 4) and documents and information pertaining to three specific transgender student athletes (Request 7). With respect to requests for communications regarding and about transgender athletes (Requests 18–19), the Magistrate Judge ordered production of the requested information but allowed for redaction "of any personally identifying information" of students, parents, school staff, etc. In reaching her ruling, the Magistrate Judge found that the information sought by the Government's subpoena was "broadly relevant to its claims" concerning unresolved factual disputes over potential damages and the question of whether the State's policy puts cisgender girls at a competitive disadvantage. *Id.* at 2–3.[1]

The United States subsequently objected to the Magistrate Judge's order partially quashing its subpoena, arguing the Order clearly erred by (1) denying alleged "proportional and highly relevant evidence" to prove various elements of its claims, including a "denial of equal athletic opportunities," and (2) ignoring the Confidentiality Order entered in this case which "appropriately accounts" for any sensitive information

---

[1] The Magistrate Judge further concluded that the MPA was not entitled to heightened protections against burdensome discovery requests by finding that the MPA was not a "typical disinterested" third party. *Id.* at 3 (citing *Culliver v. Ctr. for Toxicology & Envt'l Health LLC*, No. 3:22-mc-00006, 2022 WL 475185, at *6 (N.D. Fla. Feb. 16, 2022)).

disclosed. ECF No. 89 at 1; *see* ECF No. 43 (Confidentiality Order).[2] The Government objects specifically to the subpoena requests quashed in full (Requests 5–6, 8–9, and 11) and further objects to the Magistrate Judge's ruling ordering the production of Requests 18–19 and allowing for partial redaction of any personally identifying information. In its response, the MPA argues the remaining disputed requests are "unduly burdensome, overbroad, disproportionate to the needs of the case, . . . seek information of limited or no relevance," and implicate significant privacy concerns. ECF No. 92 at 1. The MPA further contends the Magistrate Judge properly balanced the necessary relevance, burden, and privacy concerns and that the Government has failed to demonstrate the Order is clearly erroneous or contrary to law. *Id.* at 3.

## DISCUSSION

When reviewing non-dispositive discovery orders issued by a Magistrate Judge, the District Court must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In conducting this deferential review, the Court will "accept both the [Magistrate Judge's] findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record," the District Judge forms "a strong, unyielding belief that a mistake has been made." *Gladu v. Magnusson*, No. 1:22-cv-00134, 2025 WL 1736716, at *1 (D. Me. June 23, 2025) (alteration in original) (quoting *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999)). Unlike findings of fact, the District Judge reviews pure questions of law de

---

[2] The Court rejects from the outset the Government's argument that the Magistrate Judge erred by failing to consider the Confidentiality Order in ruling on the disclosure of the requested information. ECF No. 89 at 1–2. The Confidentiality Order entered in this matter governs only the subsequent sharing of sensitive information once disclosed to the opposing party, *see* ECF No. 43 at 1, and thus has no bearing on the initial legal determination of whether such information is discoverable under Federal Rule of Civil Procedure Rule 26.

novo. *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). When reviewing decisions that turn on fact-heavy determinations such as relevance and the burden and proportionality of disclosure, the Court is especially inclined to defer to the Magistrate Judge's understanding of and familiarity with the record.

## I.    Requests 5–6 & 8–9: List of Transgender Student Athletes

In Requests 5–6 & 8–9 of its subpoena, the Government seeks a list of "all known" transgender athletes, including their "name, school, grade, and the sport or team" in which they compete—or alternatively, information from which such a list could be created—and the results of events in which those athletes participated. *See* ECF No. 28-1 at 8–9. The record reflects the MPA does not maintain a standing list of transgender athletes and retains only limited information regarding transgender students' participation in athletics submitted by the students themselves.[3] ECF No. 37 at 6. In her Order, the Magistrate Judge concluded the burden placed on the MPA and PPS to produce the requested information outweighs any benefit to the Government, particularly given that "other less sensitive information . . . is available to the Government to explore the issue of competitive advantages" and therefore granted the motions to quash the subpoena requests. ECF No. 83 at 6. The Government objects to this ruling and argues the information sought is both "proportional and highly relevant to help show male athletic advantage," as well as to prove damages. ECF No. 89 at 4–5.

The Court concurs with the Magistrate Judge's factual findings and her conclusion that the requests for lists and information regarding transgender student athletes imposes

---

[3] Specifically, the MPA explained at the hearing before the Magistrate Judge, that the only responsive records in its possession consist of "individual requests by transgender athletes to participate in sports aligning with their gender identities prior to the 2022 policy change allowing such participation as a matter of course." ECF No. 83 at 5–6.

a disproportionate burden on the MPA and PPS relative to their minimal probative value to the Government's case. The Magistrate Judge properly weighed the relevant considerations in granting the motions to quash, including the particularly sensitive nature of records, risks associated with the disclosure of identifying information of transgender students in the current political climate, and the ability of the Government to explore the issue of competitive advantages through other means. The Government cites no authority to the contrary. Accordingly, the Court concludes the decision to grant the motions to quash as to Requests 5–6 & 8–9 was not clearly erroneous.

## II.    Request 11: Committee Meeting Minutes and Transcripts

Request 11 of the Government's subpoena seeks "all meeting minutes and any transcripts or recordings for the MPA's Gender Identity Equity Committee." ECF No. 28-1 at 9. The Magistrate Judge ruled, for reasons similar to those underlying her decision on Requests 5–6 & 8–9, that the MPA and PPS had sufficiently demonstrated the burden of producing meeting minutes and transcripts outweighs any benefit to the Government.[4] ECF No. 83 at 8. In reaching this conclusion, the Magistrate Judge found any meeting minutes or transcripts implicated the same sensitivity concerns as the requests for information on specific transgender athletes. *Id.* The Government again objects to this ruling, asserting the MPA should be required to produce this "highly relevant evidence that identifies students participating on opposite sex sports as well as admissions

---

[4] In addressing burden and proportionality of disclosure, the Magistrate Judge noted the MPA had previously represented at oral argument that an MPA "Gender Identity Equity Committee" had never existed. ECF No. 83 at 8. In their subsequent filings, the parties continue to dispute whether a formal committee by this title exists or has ever existed. *See* ECF No. 89 at 6; ECF No. 92 at 6. Regardless of whether such a committee exists in formal terms, the Court finds the record supports the Magistrate Judge's well-reasoned assessment of the burden associated with producing any related materials.

regarding unfair male athletic advantage." ECF No. 89 at 6. For the same reasons that support affirming Requests 5–6 & 8–9, the Court concludes the Magistrate Judge's Order granting the motion to quash Request 11 is supported by the record and not otherwise clearly erroneous or contrary to law.

### III.    Requests 18–19: Communications about Transgender Athletes

Requests 18–19 seek production of "all complaints, concerns, praise, or reports received by the MPA from school districts, parents, students, educators, or community members regarding transgender student participation in sex-segregated sports or use of sex-specific athletic facilities," as well as MPA's response to such communications, including "internal assessments, investigations, conclusions, and any communications with school districts." ECF No. 28-1 at 10. The Magistrate Judge found there was "no real dispute" that these requests were relevant and further found that the MPA had not carried its burden to show that responding would be unduly burdensome. ECF No. 83 at 8–9. In light of the MPA and PPS' privacy concerns, however, the Magistrate Judge modified the Government's requests to require redaction of any personally identifying information of students, parents, staff, volunteers, teams, or schools, concluding the Government could still explore the extent of the MDOE's and the MPA's awareness of concerns about safety and competitive athletic advantage without such personal identifiers. *Id*. at 9.

In its objection, the Government argues the redaction of personally identifying information "robs the information of much of its effective use," by preventing the Government from matching any MPA response to the underlying communication, identifying potential student or parent witnesses for trial, and using the documents to identify specific high school athletes who have competed in sports designed for the opposite sex. ECF No. 89 at 4. In response, the MDOE asserts that redaction strikes an

6

appropriate balance between access to relevant information and protection of privacy and is particularly warranted here because disclosure poses a reasonable fear of harm and anonymity may avoid a "chilling effect" on similarly situated individuals. ECF No. 92 at 6–7. The Court again concludes the Magistrate Judge properly balanced the competing concerns of burden, proportionality, relevance, and privacy in ordering disclosure of this sensitive information with additional redactions. Even further, for the purposes of its claims, that the Government can adequately demonstrate the MDOE's awareness of general concerns regarding its policy on transgender students' participation in athletics despite the absence of personally identifying information. Accordingly, the Court finds the Magistrate Judge's ruling with respect to Requests 18–19 is not clearly erroneous.

## CONCLUSION

For the foregoing reasons, the Government's Objection to the Magistrate Judge's Order granting in part and denying in part the motions to quash, ECF No. 89, is **OVERRULED**. The Magistrate Judge's Order, ECF No. 83, is **AFFIRMED** and **ADOPTED** in its entirety.

SO ORDERED.

Dated this 19th day of May, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE