**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-00173-SDN |
| MAINE DEPARTMENT OF EDUCATION, | ) | |
| Defendant. | ) | |

**RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY DO NO HARM, INC.**

Defendant Maine Department of Education (MDOE) writes in response to the Motion for Leave to File an Amicus Curiae Brief filed by Do No Harm, Inc. (DNH). ECF No. 107. DNH seeks to file its proposed amicus brief in support of Plaintiff United States' opposition to MDOE's motion for judgment on the pleadings. *See* ECF No. 107-1.

MDOE takes no position on whether the Court should exercise its discretion to grant or deny the Motion for Leave to File an Amicus Curiae Brief. *See United States v. Maine*, Civ. No. 24-00315, 2025 WL 2582122, at *2 (D. Me. Sept. 5, 2025) ("[T]he acceptance of amicus briefs is within the sound discretion of the court." (internal quotations and citations omitted)). However, if the Court grants leave, the amicus brief should be afforded little, if any, weight.

The majority of the amicus brief makes factual assertions regarding the medical evidence supporting gender-affirming care. *See* ECF No. 107-1, at 4-10. MDOE disputes those assertions.[1] But in any event, they may not be considered when deciding the pending motion for

[1] In the event judgment is not entered for MDOE, MDOE anticipates submitting expert testimony on this subject.

judgment on the pleadings. *See Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 54 (1st Cir. 2006). When deciding such a motion, courts must view the facts in the pleadings in the light most favorable to the nonmovants and draw all reasonable inferences in their favor. *Id.* Factual assertions from amici may not be considered. *See id.*; *see also Portland Pipe Line Corp. v. City of South Portland*, Civ. No. 15-00054, 2017 WL 79948, at *6 (D. Me. Jan. 9, 2017) (refusing to consider "external facts" introduced by amici because they are not bound by the relevant procedural rules). More generally, amicus briefs focused on factual matters are disfavored. *See, e.g.*, *Yered v. E. Maine Healthcare Sys.*, Civ. No. 23-00284, 2026 WL 2690045, at *1 (D. Me. Sept. 14, 2026) (denying leave to file where "the amicus brief would necessarily have to comment on the facts[,] . . . a result that would be contrary to the First Circuit's caution that 'an amicus who argues facts should rarely be welcomed'" (internal citation omitted)).

With respect to the approximately 2.5 pages devoted to legal argument, DNH addresses only the interpretation of Title IX. ECF No. 107-1, at 2-4. As explained in MDOE's briefing, the Court need not reach this issue, as the Spending Clause bars the United States' claims regardless of what Title IX requires or permits with respect to transgender girls' participation in sports. Furthermore, in addressing the interpretation of Title IX, the amicus brief raises no new issues. The meaning of Title IX was fully briefed by MDOE and the United States, *see* ECF Nos. 102, 105, 111, and Title IX does not require funding recipients to exclude transgender girls from girls' sports.

Dated: September 29, 2026

AARON M. FREY
Attorney General

/s/ Sarah A. Forster
SARAH A. FORSTER
Assistant Attorney General
Sarah.Forster@maine.gov
KATHERINE W. THOMPSON
Special Counsel
Kate.Thompson@maine.gov
Office of the Attorney General
State House Station 6
Augusta, ME 04333
Telephone: (207) 626-8800

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 29th day of September, 2026, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record. To my knowledge, there are no non-registered parties or attorneys participating in this case.

/s/ Sarah A. Forster
SARAH A. FORSTER
Assistant Attorney General
Six State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8800
Sarah.Forster@maine.gov