UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAINE DEPARTMENT OF EDUCATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:25-cv-00173-SDN |

**ORDER GRANTING LEAVE TO FILE AMICUS BRIEF**

The United States filed suit against the Maine Department of Education ("MDOE") on claims that Maine is violating Title IX by allowing transgender athletes to compete in girls' sports. ECF No. 1. On July 31, 2026, MDOE filed a Motion for Judgment on the Pleadings, ECF No. 102, to which the United States responded, ECF No. 105, and MDOE replied, ECF No. 111.

On September 8, 2026, Do No Harm, Inc. ("Do No Harm"), a nonparty organization, moved for leave to file an amicus brief in connection with MDOE's motion for judgment on the pleadings. ECF No. 107. Do No Harm attached its proposed brief to the motion. ECF No. 107-1. In its motion, Do No Harm describes itself as a nonprofit membership organization that includes more than 54,000 physicians, nurses, medical students, patients, and policymakers and is committed to ensuring that the practice of medicine is driven by scientific evidence rather than ideology. ECF No. 107 at 3. It seeks to file an amicus brief "to help the Court understand why Title IX forbids—and science does not support—identity-based exceptions to sex-based sports teams." *Id.* MDOE

disputes the factual and legal assertions in the proposed brief but takes no position on whether the Court should grant leave to file it. ECF No. 112.

The Federal Rules of Civil Procedure do not specify the conditions under which a district court should permit an amicus appearance. *All. of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003) ("[T]he Federal Rules of Civil Procedure are silent as to the conditions under which a trial court should permit *amicus* appearances . . . ."). Although Federal Rule of Appellate Procedure 29 governs amicus filings in the courts of appeals, district courts have looked to that rule for guidance when considering requests for leave to file amicus briefs at the district court. *See Portland Pipe Line Corp. v. City of S. Portland,* No. 15-CV-00054, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017). The First Circuit has explained that "the acceptance of amicus briefs is within the sound discretion of the court." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

Courts in this circuit have considered whether "there is an issue of general public interest, the amicus provides supplemental assistance to existing counsel, or the amicus insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Gwadowsky*, 297 F. Supp. 2d at 307 (quotation modified); *Portland Pipe Line Corp.*, 2017 WL 79948, at *5 (same); *United States v. Keleher*, 475 F. Supp. 3d 80, 85 (D.P.R. 2020). The civil rights of Maine's residents plainly implicate the public interest.

A permissive approach to amicus participation allows the Court to evaluate a proposed brief's usefulness without treating the decision to accept it as an endorsement of its contents. As this Court has observed, "assuming the other criteria are met, the Court could grant the motion for leave to file an amicus brief and take the brief for what it is worth." *Portland Pipe Line Corp.*, 2017 WL 79948, at *5 (citing *Neonatology Assocs., P.A.*

*v. Comm'r*, 293 F.3d 128, 132–133 (3d Cir. 2002) (Alito, J.)); Likewise, "[i]f denied, the court may be deprived of the advantage of a good brief, but if granted, the court can readily decide for itself whether the brief is beneficial." *Animal Prot. Inst. v. Martin*, No. CV-06-128 BW, 2007 WL 647567, at *3 (D. Me. Feb. 23, 2007). Importantly, allowing an amicus brief does not signify a position on the merits or an acceptance of any asserted facts. Indeed, "[p]ermitting an amicus brief is not synonymous with accepting—at face value—every factual or legal assertion therein." *Wagafe v. Biden,* No. 17-cv-00094, 2022 WL 457983, at *2 (W.D. WA 2022) (citing *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003) (declining to consider issues raised only in an amicus brief absent "exceptional circumstances")). Outside organizations may nevertheless offer perspectives or specialized knowledge that assist the Court in addressing issues of broader public interest. *See Portland Pipe Line Corp.*, 2017 WL 79948, at *5–6.

That assistance does not extend to supplementing the factual record on the pending motion. In *Portland Pipe Line,* the Court cautioned against allowing amici to "infuse external facts into the Court's consideration" and explained that it would glean the facts from the parties' statements of material facts, rather than from the amici briefs. *Id.* Although that case involved summary judgment, the same concern applies here. Granting leave to file an amicus brief does not authorize Do No Harm to introduce evidence or establish disputed facts through its submission. In resolving MDOE's motion for judgment on the pleadings, the Court will consider only those materials properly cognizable on that motion and will not treat factual assertions in the amicus brief as evidence or as supplementing the pleadings.

The United States and MDOE are well-versed in the issues, and MDOE disputes the factual and legal assertions in Do No Harm's proposed brief. Those disputes, however,

do not require the Court to deny leave to file. The Court can assess the brief's usefulness and the weight, if any, to give its arguments while observing the limitations described above. Given the public interest in the issues presented, the potential for supplemental assistance, and MDOE's decision to take no position on the request for leave, the Court concludes that permitting the filing is appropriate. The Court expresses no view on the merits of the proposed brief and reserves judgment on the pending motion for judgment on the pleadings until it has reviewed the relevant briefing.

Accordingly, the Court **GRANTS** Do No Harm's motion for leave to file an amicus brief. ECF No. 107. Do No Harm shall file such brief within three days of this Order. If either the Plaintiff or Defendant wishes to file a response to the amicus brief, the responding party must do so within fourteen days of the filing of the Amicus Brief.

**SO ORDERED.**

Dated this 7th day of October, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**